United States v. Anthony Willis Ms. Wilk-Williams? May it please the court good morning Kayla Williams on behalf of the appellate Anthony Willis I'll be discussing issues 1 & 2 cited in the briefs the participation of an unbiased juror in deliberations and the revocation of Mr. Willis's right to self-representation without cause. As to the first issue, juror number three sat through the entire trial He was an impaneled juror right before immediately before deliberations were to begin He brought to the court's attention concerns of potential retaliation if a finding of guilt were returned against. Mr. Willis The defense team requested that juror be questioned Requested deliberations be suspended. The court denied those requests to determine whether or not it actually had the authority to do so that resulted in about an hour of juror number three participating in deliberations when the Questioning actually was allowed to begin the juror expanded on his concerns saying specifically on page 113 I'm going to try not to be stereotypical but an allegation of you know firearms and offenses in North St. Louis also lead one to believe that there potentially could be this defendant could be a member of a gang These questions about the area in which this offense occurred was actually Asked by the district court during voir dire and that's in the transcript as well Asking specifically if anyone's familiar with the area juror number three did not raise his hand three others did and when the judge Expanded to request if there were any issues with those that were familiar with the area in Deciding this case they also raised no hands juror number three did not bring those those issues to the court's attention at that time So we believe that these statements here go specifically to a bias against mr. Willis let me ask you I found the key language in there could be Could be a gang and I guess my question is are there gangs and I mean I don't know the geography But are there gangs in North st. Louis that are violent There are gangs in st. Louis not just specifically to North st. Louis, but what I would Say to that as a general background because you mentioned unfamiliarity with st. Louis North st Louis has had a long history of dealing with the geographical racial Makeup of its area. There's a lot of references to the Del Mar divide the North st Louis South st. Louis city divide and so when Juror number three specifically referenced and for context North st. Louis He was referencing and it was understood a predominantly black neighborhood in st. Louis so his line of logic was not necessarily because he's a Public figure because he was a local television weatherman. It was because this Individual this case happened in North st. Louis a predominantly black neighborhood Then there must be gangs and if there must be gangs He must belong to one and because I'm a public figure I'm more likely there's a lot of logical leaps there It could be simply You know again, it could be simply I know that there are gangs in North st. Louis. I'm on TV I'm worried about my safety. I mean, that's another plausible interpretation of everything He said particularly after the after the district court questioned him a fair a fair assumption that could be but I would say it's based In negative racial tropes and that's the problem and when we have United States be young saying when there's a reasonable Possibility of bias the courts need to take caution in eliminating those bias to ensure a fair trial And so when we look to not just I'll back off from the racial Trope and go specifically to mr. Willis is the bias against him He made leaps of criminality There that were unfounded not based in the evidence and he acknowledges that in the transcript saying there's nothing in The trial that gave me immediate concern or alarm Exterior factors that may or may not go into our defendant and so it's the type of assumption That's very similar to federal rule of evidence 404 the prejudicial nature of those assumptions I'm Unfounded lead to a pretty prejudicial impact to a fair trial for mr. Well, then the district court. I mean Was presented with seven maybe he maybe delayed a little too long But then he spent time talking to the to the juror about it and it appears the juror was quite clear I'm worried about my safety potentially, but But I can be fair and impartial and sort of explain why he could be fair and impartial So what what's wrong with that either it's rehabilitation or at least clarifying what the issues were certainly I would say as justice O'Connor has said that a jurors purported Ability to be impartial is often overstated and I think his comments are contradictory to that ultimate conclusion abuse of discretion review Certainly. Yes, your honor. And the question is and then rehabilitation is the word that comes to mind I'm not even sure that the clarification might be a better word, but he the district court Thoroughly examined juror three who made all the right answers in terms of a Judicially reviewable decision to Excuse or not How can we how can we say that the that the answer that when when the juror says everything? That's consistent with being a a fair and impartial Juror in the midst of deliberation even he even told juror three, you know, now don't tell anybody we've talked about this How can that be an abuse of discretion? I believe the conclusion that was made based on the statements was the error your honor And if we've looked at your number threes questioning We've we've categorized what can we've said an abuse of discretion can be a B C or D It isn't that the conclude the wrong conclusion was reached so which of the a B C D categories for abuse of discretion my like like Focusing on bad facts or clearly erroneous facts. What where does this fit? I believe that there are facts that were relied upon that were clearly erroneous in the conclusion To make the fact that the juror could be impartial. I wait. You've got to clarify. That's not in your brief What facts if I could jurors statements in the transcript he prefaces many of his statements in the past tense I felt like I could be impartial. I felt like I was open to whatever this would bring I can't help but think it's a general feeling that's come over and again This is after the entirety of the trial He is saying to the court that I was open but now that I've gone through this trial I cannot set these things aside, but then the ultimate conclusion, of course, I can be impartial those are contradictory and he himself the unique circumstance of a juror bring his bias for Forecasting that bias to the to the judge is why we have to take greater caution with this particular jury And that's why I think the error occurred in those but I just want to be clear that this is an inference of racial bias It's an inference based on the transcript to be sure but it's an inference. He never from what I understand Mentioned the defendants race or the race of folks in North st. Louis Certainly not but the the judge himself acknowledged the statements were suggestive of bias Racial bias just bias your honor and I believe we can expand if the court does not deem that the racial inference is supported I do think it still is very strongly supported against the specific bias of criminality and further misconduct against mr Willis that he could not set aside What about the fact that he just came the juror came forward at all? It's kind of unusual to be in the midst of Deliberations and come forward. Does that factor in the timing of this? Does it factor in? I would say that the unique this is a circumstance that even we had not experienced. I think that Government myself and the judge had not ever experienced a juror themselves coming forward with their own concerns I think that goes to the previous question of how much he could not how Which is why he brought that to the court's attention and I don't I read the transcript I don't think that the judge or anyone asked him Why now it was that part? It was I wonder if if another a follow-up question with him might have fleshed out To your point, he didn't respond to the voir dire questions But now he's in the deliberation and he's coming, you know It's it's a pretty big deal to come to the judge and say look here my thoughts I wonder if that's what additional question might have Fleshed this out a little bit more My memory is that the court did inquire very briefly as to you sat through voir dire We asked you these general questions We asked you if there were any other the concerns you didn't bring those up And I think that's when some of these preface statements came in. I felt like I could be impartial I thought I would be a good juror. And so that is where I'm saying those contradictory statements are coming out. Was there? Tell me how Your district deals with the Alternates now, there's not the they'd already been engaged in deliberation So the alternates are still there in the courtroom the the judge I believe I don't know if this is his general practice This was my first trial with this particular district judge But immediately before deliberations were to begin the juror brought this issue to the court's attention The court retained the alternates in this case and so that remedy was very much available to the court after the questioning was allowed and that was The reasons why we moved for the removal of the juror after the questioning to be replaced by an alternate So you didn't have to ask for a mistrial. It was just replaced with another correct and the deliberations Well, I think there is a problem in the fact that we don't we will never know the impact that these biases played in that Our deliberation the fact that it only was an hour means there wasn't a huge impact on Restarting fresh with a new alternate in that that one-hour time that had been spent What about the Feretta issue? I want to make sure you get to that because I think that's a really tough issue Yes, so there's no dispute that Mr. Willis knowingly and intelligently waived his right to counsel. I don't believe that's an issue I think the real issue is whether or not Mr. Willis's beliefs and answers to the court gave rise to disruption and when we look to the These sovereign beliefs are often allowed to represent themselves in trials and we have many court decisions saying that these repeated privilege challenges to Jurisdiction are not deemed disruptive I believe that the Fry hearing transcript is very much indicative to the conduct that Mr Willis engaged himself throughout the entirety of the trial. He was responsive to the court He was respective to the court the court even acknowledged in the Fry hearing that he did not deem. Mr Willis to be disruptive in any way what the court leaned on in this instance were the I would say the attacks on jurisdiction. I am NOT the defendant in this case. You don't have authority over me Those are the sorts of things that the court deemed to be disruptive. He said in the pretrial Let me ask you this. I just want to follow because there's one sentence in here one passage. It really Sort of supports the the district courts District courts ruling which is he kept asking. Do you want to represent yourself? He being the district court and then I think mr Willis said quote no, sir. It's not me. That's being Mr. Or me that's being represented that the problem I have with that is it's not clear what he's actually responding to he being Mr. Willis, it's not clear whether he's saying no, sir I'm not representing myself because it's not me that's being represented or no, sir I haven't changed my mind. And so I the district court could not get a straight answer. I don't think for mr Willis, so what what's wrong with then saying? Okay. Well, I can't I can't figure out what you think So I'm gonna I'm gonna pull count or I'm gonna give you counsel Given that that is I would say I was present for that Questioning my interpretation is very much that he was based on all the other statements still saying that he was not the defendant He's the attorney. In fact, he was representing The charged defendant as far as what is the court's authority based on that Misunderstanding. I don't believe at any point that goes back to is he knowingly or intelligently waving? He understood the consequences of his rights Actual examples of disruption. We have threatening letters to the court abusing subpoena powers Interrupting the proceedings or even invoking your right days before trial. Mr Willis even during the fry hearing was very adamant that he wanted to proceed to trial as soon as possible council. Let me But did either party cite to the district court My decision and Smith the United States versus Smith at the time I was not aware so I did not cite it However, I do believe what he cited it on appeal And in my view, it's it's controlling. I do agree. It's controlling and I believe that your opinion actually Explains that the court should have addressed these issues in ways of not allowing the argument to be made To a best part of that opinion is that is a quote from another case a defendant's constitutional right to be present at his trial Includes the right to be an irritating fool in front of a jury of his peers Certainly certainly that that applies here. Absolutely. That's all this your client Wanted to do Absolutely, and I know the district court with no help from the lawyers Probably didn't find that case In all the cases that are cited because the whole argument was on another was you know on well What did he understand and so forth? I now I'm very familiar with your opinion and Smith I'm able to talk about it more on my rebuttal. I'm about at an a minute left so I can reserve Oh, I had no I'm I was sending it. I was sending an alert. Okay, would you like me to continue or yes? Okay. Thank you So as you mentioned in Smith, it very much talks about that. These are not considered these beliefs even these Continual jurisdictional claims are not disruption. And that's what I believe the court acknowledged. I think the government cites Atkins for Review which talks about the revocation in the pretrial stage However, it also says that you know The pretrial revocation is allowed but only if a strong Indication the defendant will disrupt proceedings in the courtroom will occur and I do not believe that demonstration occurred and Atkins was also very specific Leaning on Smith to say that it was not the frivolity of the sovereign citizen Proclaimed beliefs that they revoked his right for it was for the improper conduct in court And for those reasons, I believe the court erred and did not have the authority to revoke his Sixth Amendment, right? I will reserve the ten seconds. I have left for rebuttal. Thank you Mr. Martin May it please the court Matt Martin on behalf of the Pele the United States of America Your honors. I'll start with the question that we left at the issue that we left off About the district courts. Have you now read Smith? I have your honor. I have read Smith and I assume you didn't read it before this Case was on appeal. That's correct judge Here's why so a very a very competent But quite new district judge was completely led astray by the council in this case is my view. I Would respectfully disagree with that your honor. I think the Smith case you can you can start by distinguishing it Yes, and in the Smith case is different from from the facts and circumstances that were at issue here First your honor the Smith case recognized as your honor pointed out in the opinion that You know these disruptions This type of Argument that appears to be nonsensical There to be tolerated up and until the point where they threatened to forestall the trial proceedings that exception was carved out That's not right. Not if it's all pre trial if it's happening during trial It's a different situation and there's several other cases your honor that have indicated that District Court doesn't have to wait until the trial starts For these issues to be disruptive or to be to lead to the trial being Inefficient before it can make a decision on the defendants right to represent himself when a self-represented Defendant is making a fool of himself in front of the jury. It's disruptive of what? One would presume would happen at trial Correct that's that's his constitutional right had to be scolded and warned and over and over again during trial Until it comes to the point where trial can't go on but but well I think Smith says it but in my view you can't you can't just assume that because as I mean We've been dealing with these sovereign citizen idiots for almost as long as I've been a judge And the issue isn't the fact that Willis was was Invoking these sovereign citizen like beliefs the issue was that Mr. Willis couldn't even agree or answer questions and acknowledge that he was the defendant named the indictment He's gonna stand up there and say you're not a judge and this is in the court and you're not a jury and I'm not I'm not me the issue that was presented to you know and In the judge once the jury's impaneled is gonna come down on that and may ultimately have to Having Removed from the courtroom. So even back to Feretta your honor courts have recognized that district court has to be given sufficient discretion to handle these types of issues and I would point the court to the decision just in 2022 in the Atkins case I believe that that's more on point than Smith in Smith the defendant in that case wasn't relying on sovereign citizen like arguments Wasn't claiming that he was not the defendant named the indictment in the Atkins case We have a defendant who is making similar types of arguments and during trial or pre-trial pre-trial your honor Pre-trial and in the issue for being disruption disruptive Doesn't require defendant to stand on counsel table and wave his arms or swear at the court and be disruptive in that sense It can also be disruptive in that it delays the proceedings and that's exactly what mr Willis did in this case and if you look at the record the totality of the circumstances I think the appellant wants you to focus on what happened that morning at the pre-trial conference But we have to look from start to finish and when we look at the entire record what we have is Initially when mr. Willis wrote the letter to the to the magistrate judge and requested that he Proceed pro se he didn't explicitly request it. That's how the magistrate judge interpreted it The magistrate judge attempted to schedule for read a hearing on two occasions two occasions Mr. Willis refused to leave a cell to participate in those proceedings. That's obstructive conduct that delays the proceedings So that's the starting did he know that that was what the hearing was about? We never got to that point because he wouldn't even participate in the proceedings Well, it seems to based on if if if he wasn't even trying to go pro se hit that point Can we just I wonder if we can factor that in? Well, the hearing was set in response to the mr Willis's letter that he sent to the magistrate court So I think we can presume that it was fair for him to understand and know This is in response to the letter and the relief that you're requesting So I want to I want to just follow up on Atkins really quickly, which is I'm reading it It says this is not that case was not based on a severance sovereign citizen beliefs. It was based on his His unruly behavior at the pretrial conferences. He was removed from the court once One hearing lasted for more than six hours He had been disruptive and he had told the court things like this trial is not going to happen judge and things like that I don't see anything like that here at all that approaches this kind of behavior not explicitly No, and again, the courts have never required that type of behavior for the district court to make a decision to revoke a right to proceed pro se what we have is an Unwillingness to recognize that. Mr. Willis was a defendant named in the indictment We also have some waffling so back and forth if that's enough. We're gonna have we might as well Trash or Faretta So again, it's the totality of the circumstances these these Issues that came up on the heels of trial in the pretrial. What about the guy who's charged with with That bank theft and he and he says I didn't I didn't steal any money because the Federal Reserve System it doesn't exist It's unconstitutional That's no different than saying. You know, I'm not me It's it's it certainly is different your honor and it's different because what the defendant was saying is I'm not the person who's being Named in this indictment. I'm not the person who's being prosecuted by the United States That's separate and apart from the jury question. I Don't believe it is a jury question your honor In fact, it was raised by the defendant on his pretrial motion dismissed the indictment his motion to dismiss the superseding indictment identification is Always an issue of law. I mean he said yeah, Donald Wilson may have done this But that's not not my Donald Wilson and those issues were litigated at the pretrial stage and they were decided and mr Willis was unwilling to accept those Rulings by the magistrate court that were then adopted and affirmed by the district court if he had had a lawyer like many They would have said, okay, we'll take that up on appeal whether that's a question of law. I think it's a jury question the district court your honor Was faced with a situation where and you in Smith you cited to a case I believe out of the Fourth Circuit with the parenthetical that says This case couldn't proceed because the defendant wasn't even willing to accept the fact that he was the defendant in the case And that's exactly what we have here in that position for mr Willis threatened to forestall and delay the trial proceedings and that's why the district court took action and going again to the totality of the Circumstances we have mr. Williams Yeah, mr. Willis's refusal to participate in the first two hearings where his concerns would be addressed We have mr. Willis's refusal to participate in one of the pretrial Conferences that was on April 14th a status hearing. Excuse me. We have mr Willis's repeated challenges to the indictment on the ground that he was not the individual that was named in the indictment and then we have the morning of the pretrial conference his unwillingness to Recognize that he was in fact Anthony Willis who was named in the indictment the totality of the circumstances we see Significantly significantly delayed the proceedings and they would only serve to continue to delay to delay the proceedings Risk confusion in the jury of what the issues were at trial. There was also a motion in limine that the government Submitted to the court that was granted that would prohibit and preclude. Mr Willis for making these types of arguments in trial and Everything in the record suggested that this continued behavior would lead in and spill into the trial and that's why the district court took action And that's why the district courts action was proper into the law and should be affirmed by this court moving to the issue Involving juror number three Judge Kelly, you're absolutely right timing is a factor especially in the situation like this And if we look at the trial transcript Specifically volume two at page 114. We see that the district court did ask your number three Why now why are you raising these concerns now and it's important Because of the context of juror number three's answer juror number three's concern about his personal safety Was based on the evidence that he saw and heard in the trial Because he only raised that concern after he had seen all the evidence and he cites, you know The videos the body cam videos that were shown at trial. He talks about the layers of evidence He talks about an individual with a firearm being arrested in North st. Louis Those are all facts that were presented at trial and that's exactly what we want jurors to do is to make decisions based on the fact right but what yeah and what he was Presenting based on your sort of timing issue is that based on the facts? I am now a different juror than I was when you chose me for this particular jury trial Based on the facts of the case I have concerns now that I didn't have right at the beginning when jury selection was was was was begun Before there was ever any evidence presented and I think that's a very important distinction in this case because at the beginning of trial during the voir dire selection Juror number three was the same person. He was at the end. Okay. He's a 32-year Meteorologist on local TV considers himself a public figure that was true before trial started the same can be said about the defendant Anthony Willis He was an african-american defendant if there were concerns that juror number three had about his personal safety that were rooted in race Those concerns would have been and could have been Expressed when all those factors were the same at the beginning of the case. Okay, so let's there's the assertion that that race is involved in this, but even if you put it of the race aside and You just say now I am a I'm a juror who's afraid Whatever the race of this defendant is whatever my race is I'm afraid now Why should that juror Why would it why would a litigant be comfortable having that juror on the panel because we start with the presumption of impartiality So when you have an answer from a juror that's suggestive of bias and maybe this was suggestive of bias that he was afraid The proper remedy for that the proper course to take isn't to okay Let's just get this juror removed for cause and bring in an alternate. That's not what we do That's not what we do at the beginning. What would you have done? Yeah, would you have done that in the voir dire? No, the same process in the court the district court. You can read the Transcript took careful consideration of this issue Painstakingly careful consideration of this issue. You do the same thing What regardless of when it happens during jury selection before trial or when it arises mid-trial you ask follow-up questions? can I just as a You've got it it's kind of unusual that you had alternate jurors were at the ready I'm not sure that that often happens. I don't know what the how this district court handles those situations normally Why not just replace if one of the two litigants in a case is very concerned And there are the are these expressions of fear and you have another alternate Switch them out Because it was only a suggestion and that suggestion was in further explored by the district court and asking further questions about What's the basis for your concern? What's the basis that you've expressed? Is that going to affect how you view the facts and evidence in this case? Can you set aside that concern and decide this case based solely on the facts and evidence and he said yes And so there doesn't need to be any further inquiry or there doesn't need to be any Substitution of jurors because this juror has indicated both the district court and the parties that he can be fair and impartial despite this concern We deal with these Suggestions of bias or these concerns all the time the proper remedy for that is voir dire Whether it be racial bias or otherwise and your honors It's striking to me that the appellant Hangs its hat on a racial bias during the briefing and papers in this case and now retreats from that position if If the appellant was concerned about racial bias at the time of the trial the district court gave The appellant and the government every opportunity to ask any additional questions They didn't take that opportunity because nobody at the time was concerned that juror number three Expressed any type of racial bias in the concerns that he raised in this court Gives special deference to credibility determinations that are made By the district court in questioning jurors and dealing with Strikes for cause and this this court only overturns a district courts credibility determination if there's manifest error This record does not indicate that very far from it Again, juror number three expressed a concern that the district court found was honest and was candid But also that based on his demeanor throughout the course of the trial the district court Believed that he could set aside that concern and decide that the case based on the facts and the evidence and the laws instructed by The court there's no reason to second-guess or doubt the district courts credibility determinations They're certain they certainly weren't made in manifest error. And for those reasons That should not be the basis to overturn the jury's verdict finding. Mr Willis guilty of possessing a firearm as a previously convicted felon I see that my time is almost up if there aren't any additional questions from your honors I will respectfully request that this court affirm the jury jury's court. Excuse me the jury's verdict In the trial below. Thank you I Have nine seconds, so I would say as to mr. Willis's failure to appear. I'll give you a minute. Thank you Mr. Willis's failure to appear at those two status hearings They were over video conference and the cares act specifically states that defendants need to consent to their appearance via video His lack of showing up or leaving for those video appearances were his physical objection to appearing via video When brought to the courtroom to be to have a hearing on his motion. There were no issues with the court There was no disruption. The court did not rely on any Actual disruption. It was the beliefs that the court deemed a sufficient for revocation and I believe as we've stated previously Smith is controlling and in the grounds that the court Had to revoke his right to self representation as to the the juror issue the caution exercised by the court in that determination of whether or not to even interrupt the deliberations to question this jurors the same caution that should have been used in the risk of having an impartial juror on the the panel his statements were contradictory to a final conclusion of impartiality he himself acknowledged stereotyping racial stereotypes and that's why we're leaning on the inference that it is racial negative negative racial trope and In addition to the further criminality and there were no further questions needed because the bias was clear. Thank you your honors Thank You counsel case has been well briefed and argued and we'll take it under advisement